McKinney, J.,.
delivered the opinion of the Court»
This was an action on the case brought by Ayree against Tally, to recover the value of a mare, the property of the former, which was killed by the accidental discharge of a loaded gun, in the bands of the latter. Verdict and judgment for the plaintiff for’ $130, and an appeal in error to this Court.
It appears from the proof, that the' plaintiff rode his mare to the town of Warrensburg, and hitched her near to a store, one of- the usual places for hitching horses in that town. On the same day the defendant happened to go to town, and took with him a loaded1 rifle gun. On reaching town, he placed his gun in the store near to which the plaintiff’s mare was *679 hitched. In the evening, when about to leave for home, he got his gun, and in the act of placing it upon his arm or shoulder, from some cause, not explained in the proof, the gun fired, and the contents passed through the body of the plaintiff’s mare, standing at the post where she had been hitched, and killed her. The defendant had been drinking, but was not intoxicated. The proof places it beyond reasonable doubt, that the discharge of the gun was accidental, and wholly unintentional on the part of the defendant.
The question is, upon this state of facts, is the defendant liable for the injury to the plaintiff? The Circuit Judge held that he was, and we concur in opinion with him.
The argument for the plaintiff in error, resolves itself into this, that in carrying his gun, he was in the exercise of a lawful right, and that as the discharge of the gun, which caused the injury, was entirely accidental, and without the concurrence of his will, he cannot be held liable for the loss to the plaintiff. The argument is not tenable.
In the general class of cases, to which the present belongs, there is some contrariety of opinion in respect to the appropriate form of action, whether trespass or case; the criterion being, whether the injury arose directly, or followed consequentially, from the act of the defendant. No such question is pretended in this case, nor can any such question arise in any case, in the present state of our law, the distinction being in effect abolished by a recent legislative enactment.
But there is no conflict of opinion as respects the *680 right of a party, in a civil action, to recover damages for an injury to his person or property, caused, either directly or consequentially, by the negligence, inadvertence, or want of proper precaution on the part of another; although such injury may have been purely accidental and unintentional. To constitute an available defence in such cases, it must appear that the injury was unavoidable, or the result of some superior agency, without the imputation of any degree of fault to the defendant.
The lawfulness of the act from which the injury resulted, is no excuse for the negligence, unskillfulness or reckless incaution of the party. Every one in the exercise of a lawful right, is bound to use such reasonable vigilance and precaution as that no injury may be done to others. Nor is it material, in a civil action for the recovery of damages, whether the injury was wilful or not. It is no ground of defence that the mind or will did not concur in the act by which an injury was occasioned. The gist of the action is not the lawfulness of 'the act whence the injury proceeded; nor the existence of an evil intention, but it is the fault of the defendant, in neglecting to exercise such a reasonable degree of skill, or diligence, or caution, and prudent foresight, as, under the circumstances, might have avoided the injury. It would be useless to cite authorities in support of these familiar principles, of which the books are full, nor is it necessary to occupy time in applying these principles to the facts of the case under consideration; their application is sufficiently obvious. The mere statement of the facts, necessarily implies negligence and *681 bieedlessness on the*part of the defendant. The act of taking a loaded gun into a place of public resort — no necessity or cause being shown for doing so — and leaving it exposed in the store, was an uncalled for and reckless act; and the very fact that the gun “ went off” under the circumstances detailed in the prpof, implies, of necessity, some inadvertant act, or want of proper caution on the part of the defendant. The lock must either have been defective, or some agency must have been exerted, Unintentionally and perhaps unconsciously, by the defendant, otherwise the discharge of the gun could not have happened. And in either view, the defendant is alike amenable for the consequences.
The judgment is affirmed.